SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------X
DOREEN F. TROIANO,

                              Plaintiff,

             -against-

PRAXAIR DISTRIBUTION, INC.,

                              Defendant.
-------------------------------------------------------------X

Index No.: 610086/18

**SUMMONS**

7/30/18

Plaintiff designates Nassau
County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
118 Connecticut Avenue
Massapequa, NY 11758

County of Nassau

**TO THE DEFENDANT:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Mineola, New York
       July 26, 2018

                                  Yours, etc.,

                                  SANDERS, SANDERS, BLOCK, WOYCIK,
                                  VIENER & GROSSMAN, P. C.

                                  BY: MARK R. BERNSTEIN, ESQ.
                                  Attorneys for Plaintiff
                                  **DOREEN F. TROIANO**
                                  100 Herricks Road
                                  Mineola, New York 11501
                                  (516) 741-5252
                                  **FILE#:** SSBW-NEG-GNRL-61107

TO:

    **PRAXAIR DISTRIBUTION, INC.**
    C/O Corporation Service Company
    80 State Street
    Albany, New York 12207-2543

        And

    10 Riverview Drive
    Danbury, Connecticut 06810

FILED: NASSAU COUNTY CLERK 07/30/2018 07:11 AM
NYSCEF DOC. NO. 1

INDEX NO. 610086/2018
RECEIVED NYSCEF: 07/30/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
DOREEN F. TROIANO,

                        Plaintiff,

          -against-

PRAXAIR DISTRIBUTION, INC.,

                        Defendant.
-----------------------------------------------------------------X

Index No.:

**COMPLAINT**

      Plaintiff, by her attorneys, SANDERS, SANDERS, BLOCK, WOYCIK, VIENER & GROSSMAN, P. C., complaining of the defendant above named, respectfully alleges as follows:

      FIRST: That at all the times hereinafter mentioned, plaintiff was and still is a resident of the County of Nassau, and State of New York.

      SECOND: Upon information and belief, at all the times hereinafter mentioned, defendant, PRAXAIR DISTRIBUTION, INC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

      THIRD: Upon information and belief, that at all the times hereinafter mentioned, defendant, PRAXAIR DISTRIBUTION, INC., was and still is a foreign corporation authorized to do business in the State of New York.

      FOURTH: Upon information and belief, that at all the times hereinafter mentioned, defendant, PRAXAIR DISTRIBUTION, INC., was and still is a limited liability company doing business in the State of New York

      FIFTH: That prior to the occurrence alleged herein, defendant, PRAXAIR DISTRIBUTION, INC., entered into a contract with non-party Good Samaritan Hospital to perform certain work, labor and services and to deliver oxygen tanks to 1000 Montauk Highway, County of Suffolk, and State of New York. (hereinafter "the premises").

      SIXTH: That at all times herein mentioned pursuant to contract defendant, PRAXAIR DISTRIBUTION, INC., its agents, servants, employees and/or licensees, operated the aforesaid premises.

      SEVENTH: That at all times herein mentioned pursuant to contract defendant, PRAXAIR DISTRIBUTION, INC., its agents, servants, employees and/or licensees, managed the aforesaid premises.

      EIGHTH: That at all times mentioned pursuant to contract defendant, PRAXAIR DISTRIBUTION, INC., its agents, servants, employees and/or licensees, maintained the aforesaid premises.

NINTH: That at all times mentioned pursuant to contract defendant, PRAXAIR DISTRIBUTION, INC., its agents, servants, employees and/or licensees, controlled the aforesaid premises.

TENTH: That at all times mentioned pursuant to contract defendant, PRAXAIR DISTRIBUTION, INC., its agents, servants, employees and/or licensees, repaired the aforesaid premises.

ELEVENTH: That at all times mentioned pursuant to contract defendant, PRAXAIR DISTRIBUTION, INC., its agents, servants, employees and/or licensees, supervised the aforesaid premises.

TWELFTH: That at all times mentioned pursuant to contract defendant, PRAXAIR DISTRIBUTION, INC., its agents, servants, employees and/or licensees, inspected the aforesaid premises.

THIRTEENTH: That at all times herein mentioned, the plaintiff, DOREEN F. TROIANO, was legally and lawfully upon the aforementioned premises as an employee of non-party Good Samaritan Hospital.

FOURTEENTH: That on 17th July, 2017, while the plaintiff was on the aforesaid premises, she was injured when improperly stacked and stored tanks struck her body causing her to sustain serious and severe injuries.

FIFTEENTH: That the occurrence at the aforesaid location was caused solely and wholly through the negligence of the defendant, its agents, servants, employees and/or licensees, further, in acting in a careless, reckless and wanton manner with disregard for the persons working at the aforementioned premises; further, in failing to provide plaintiff with a safe place to work; further, in permitting and allowing this plaintiff to work under dangerous and hazardous conditions; defendant, its agents, servants, employees and/or licensees were negligent in the ownership, operation, maintenance, management, repair, inspection and control of the aforesaid premises, further, in allowing and permitting same to become and remain in a dangerous and defective condition; further, in causing and permitting a dangerous condition to exist and remain on the premises, defendant, its agents, servants, employees and/or licensees were negligent, careless and reckless in failing to warn plaintiff of said dangerous condition; further, in failing to see that the aforesaid premises was properly maintained; further, in failing to oversee that persons who working thereat were provided with a safe place to work; further, in permitting the aforesaid to be and remain in a dangerous, hazardous, unsafe condition; defendant, its agents, servants, employees and/or licensees were negligent, careless and reckless in failing to provide a safe place of egress and ingress to and from the work area; further, in failing to observe, inspect and/or correct the aforesaid dangerous, hazardous condition; further, in failing to keep precautionary equipment to prevent the aforesaid occurrence; further, in failing to take proper precautions and safeguards to prevent the aforesaid occurrence; further, in failing to use the methods, customs and usage to prevent the happening of the accident; further, in causing, permitting and allowing plaintiff to work under dangerous and unsafe conditions; further, the defendant failed to properly stack, secure, and/or store the tanks believed to be oxygen tanks, and further that defendant, its agents, servants, employees and/or licensees were negligent under the circumstances existing at the time of the occurrence, causing her to sustain injuries.

FILED: NASSAU COUNTY CLERK 07/30/2018 07:11 AM
NYSCEF DOC. NO. 1

INDEX NO. 610086/2018
RECEIVED NYSCEF: 07/30/2018

SIXTEENTH: That prior to the aforementioned occurrence, the defendant knew or should have known of the aforementioned dangerous and defective condition.

SEVENTEENTH: That by reason of the premises as aforesaid, this plaintiff was rendered sick, sore, lame, and disabled and her injuries upon information and belief, are of a permanent character. That by reason thereof, she has been prevented from following her usual vocation and has been obliged to incur expense and obligations for medicines, medical care, attention and treatment, and she is informed, and she verily believes, that she will in the future be obliged to incur expense and obligation for medicines, medical care, attention, and treatment and continuous pain and suffering and be unable to follow her current vocation, all to her damage which exceeds the jurisdictional limits of all lower Courts.

**WHEREFORE**, plaintiff demands judgment against the defendant for an amount which exceeds the jurisdictional limits of all lower Courts; and for the costs and disbursements incurred herein, and such other, further and different relief as the Court deems just and proper.

Dated: Mineola, New York
July 26, 2018

Yours, etc.,

SANDERS, SANDERS, BLOCK, WOYCIK, VIENER & GROSSMAN, P. C.

_____
BY: MARK R. BERNSTEIN, ESQ.
Attorneys for Plaintiff
**DOREEN F. TROIANO**
100 Herricks Road
Mineola, New York 11501
(516) 741-5252
**FILE#:** SSBW-NEG-GNRL-61107

FILED: NASSAU COUNTY CLERK 07/30/2018 07:11 AM
NYSCEF DOC. NO. 1

INDEX NO. 610086/2018
RECEIVED NYSCEF: 07/30/2018

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

DOREEN F. TROIANO,

          Plaintiff,

    -against-

PRAXAIR DISTRIBUTION, INC.,

          Defendant.

---

### SUMMONS AND VERIFIED COMPLAINT

## SANDERS, SANDERS, BLOCK, WOYCIK, VIENER & GROSSMAN, P.C.

*Attorneys for Plaintiff*
*Office and Post Office Address, Telephone*
**100 Herricks Road**
**Mineola, New York 11501**
**Bus. (516) 741-5252**
**Fax (516) 741-0799**

TO:

---

*PLEASE TAKE NOTICE*

| | |
|---|---|
| NOTICE OF ENTRY | that the within is a *(certified)* true copy of a      duly entered in the office of the clerk of the within named court on |
| NOTICE OF SETTLEMENT | that an Order of which the within is a true copy will be presented for settlement to the Hon.    one of the judges of the within named court, at    on    at    a.m. |

### ATTORNEY CERTIFICATION PURSUANT TO 22 NYCRR 130-1.1A

Pursuant to 22 NYCRR 130-1.1a, the undersigned, an attorney admitted to practice in the courts of New York State, certified that, upon information and belief, and after reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated:

          Yours, etc.,
          **SANDERS, SANDERS, BLOCK, WOYCIK,**
          **VIENER & GROSSMAN, P.C.**
          *Attorneys for Plaintiff*
          *Office and Post Office Address, Telephone*
          **100 Herricks Road**
          **Mineola, New York 11501**
          **(516) 741-5252**